UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RODERIC J. SCHIERDING, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| vs. | ) | |
| | ) | |
| BUILDER'S BLOC CONTRACTING SERVICES, LLC , | ) ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

**DISABILITY DISCRIMINATION IN VIOLATION OF
THE AMERICAN'S WITH DISABILITIES ACT OF 1990, 42 U.S.C. SECTION 12101 et.
seq., AS AMENDED BY THE AMERICAN'S WITH DISABILITIES ACT
AMENDMENTS ACT OF 2008 (ADAAA)**

COMES NOW Plaintiff, Roderic J. Schierding, by counsel, and for his Complaint for Damages against Defendant, Builder's Bloc Contracting Services, LLC, states to the Court as follows:

1. That Plaintiff, Roderic J. Schierding, is, and was at all times pertinent to this cause of action herein, a citizen of the United States of America and a resident of St. Charles County, Missouri.

2. That Defendant, Builder's Bloc Contracting Services, LLC is, and was at all times pertinent to this cause of action herein, a Missouri Limited Liability Corporation, licensed and organized in the State of Missouri, and having its principal place of business in St. Louis County, Missouri, with its main office located at 607 Trade Center Boulevard, Chesterfield, Missouri 63005, and doing business as Builder's Bloc.

3. That jurisdiction over this Complaint is based on the American's with Disabilities Act of 1990, 42 U.S.C. Section 12101 et. seq., as amended by the American's with Disabilities Act Amendments Act of 2008 (ADAAA).

4. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

5. That Defendant, Builders Bloc Contracting Services, LLC, is an employer within the meaning of the American's With Disabilities Act of 1990, 42 U.S.C. Section 12101 et. seq., as amended by the American's With Disabilities Act Amendments Act of 2008 (ADAAA), in that Defendant, Builder's Bloc Contracting Services, LLC, is, and was at all times pertinent to this cause of action herein, engaged in the construction industry, an industry affecting commerce, and has employed fifteen (15) or more employees for every working day in each of twenty (20) or more calendar weeks in the current and preceding calendar year.

6. That Plaintiff had been employed with Defendant as a Framer from March 2012 until he was terminated the end of April 2019 or the beginning of May 2019.

7. That throughout the time in which Plaintiff was employed with Defendant, he was a hardworking, loyal, conscientious, and dedicated employee who performed his job very well.

8. That Plaintiff's title at the time of his termination was Journeyman Carpenter.

9. That Plaintiff was injured on the job on July 23, 2018 when he slipped while carrying an item, causing him to suffer a severe disabling back injury.

10. That after Plaintiff was released to return to work, with restrictions, by his Worker's Compensation doctor, he returned to work in April 2019, but he was unable to perform the work due to the prior disabling work-related back injury.

11.     That because Plaintiff was unable to perform the work, he was terminated from his employment with Defendant the end of April 2019 or the beginning of May 2019.

12.     That thereafter, after having surgery in November 2019, Plaintiff was released to return to work, without restrictions, on May 25, 2020, per a "Work Status Report" dated May 8, 2020, as well as a later "Work Status Report" dated June 25, 2020, authorizing him to return to work, without restrictions, on June 25, 2020.

13.     That because Plaintiff was released to return to work, without restrictions, and because he believed he could perform any job that Defendant had, without restrictions, he attempted to be rehired by Defendant.

14.     Specifically, Plaintiff went to the office of Defendant on May 25, 2020, with his "Work Status Report" dated May 8, 2020, and spoke with Victoria Reyes, and he provided proof, per the "Work Status Report" dated May 8, 2020, that he was authorized to return to work, without restrictions, on May 25, 2020.

15.     In addition, Plaintiff communicated with Victoria Reyes, by text messaging, regarding his being released to return to work, without restrictions, and his desire to be rehired by Defendant.

16.     In addition, Plaintiff's Worker's Compensation attorney, Brent Cantor, communicated with Defendant's Worker's Compensation attorney, stating that Plaintiff had been released to return to work, without restrictions, and that he desired to be rehired by Defendant.

17.     That in spite of Plaintiff's desire to be rehired by Defendant, clearly known to Defendant, no one from Defendant ever got back with him, and Plaintiff was not rehired by Defendant.

18. That Plaintiff was not rehired by Defendant because he was perceived by Defendant as having a disability.

19. Specifically, although Plaintiff was released to return to work, without restrictions, in May and June 2020, he had previously sustained a disabling work-related back injury when he had previously worked for Defendant, for which he was terminated because he could not at that time perform his work due to the prior disabling work-related back injury.

20. That during the time period in which Plaintiff sought to be rehired by Defendant, and thereafter, Defendant repeatedly hired "Framers", which is the exact same position held by Plaintiff when he had previously been employed with Defendant, as job opportunities for this position have been repeatedly advertised, year-round, on Defendant's trucks, and Defendant has repeatedly attempted to hire Framers, year-round, through the Union hall.

21. That on August 17, 2020, Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights, which, through a work-sharing arrangement with the Equal Employment Opportunity Commission, was assigned EEOC Charge Number 28E-2020-01004 by the Equal Employment Opportunity Commission, charging Defendant with unlawful disability discrimination, in violation of the American's with Disabilities Act of 1990, 42 U.S.C. Section 12101 et. seq., as amended by the American's with Disabilities Act Amendments Act of 2008 (ADAAA).

22. That the Equal Employment Opportunity Commission issued Plaintiff a Notice of Right to Sue, dated August 10, 2021.

23. That as a proximate result of Plaintiff not being rehired by Defendant, he has sustained damages consisting of losses in pay and benefits.

24. Furthermore, that as a proximate result of Plaintiff not being rehired by Defendant, he has sustained significant emotional distress.

25. That the conduct of Defendant, as set forth above, was done willfully, intentionally, and maliciously.

WHEREFORE, Plaintiff, Roderic J. Schierding, prays for judgement against Defendant, Builder's Bloc Contracting Services, LLC, for actual, compensatory, and punitive damages in a fair and reasonable amount in excess of Seventy-Five Thousand Dollars ($75,000.00); for his reasonable attorney's fees; for his Court costs and expenses incurred herein; and for whatever and further relief the Court deems just and proper.

Respectfully submitted,

By:_____
David M. Heimos, #8069
Attorney for Plaintiff
230 South Bemiston, Suite 1200
Clayton, Missouri 63105
314-862-3333 Ext. 17
314-862-0605 Facsimile
davidmheimos@heimoslaw.com

5